UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOLENE A. MORAN,

            Plaintiff,

     v.                                      Civil No. 08-6029-HA

                                         OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

            Defendant.

_____

HAGGERTY, District Judge:

Plaintiff Jolene A. Moran, acting *pro se*, seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).  This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g).  For the following reasons, the Commissioner's decision is reversed and remanded for further proceedings.

**<u>STANDARDS</u>**

1- OPINION AND ORDER

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  Additionally, for the purposes of DIB, a plaintiff has the burden of proving disability prior to the termination of his or her insured status.  *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits.  20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA.  *See* 20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings).  The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling.  20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant has the burden of producing medical evidence that establishes all of the

requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for

3- OPINION AND ORDER

purposes of awarding benefits under the Act.  20 C.F.R. § 404.1520(f)(1).  If the Commissioner

meets this burden, the claimant is deemed not disabled for purposes of determining benefits

eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards

and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. §

405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."  *Sandgathe v.*

*Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  The Commissioner's denial of

benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so

long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ).

*Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the

Commissioner's decision.  *Tackett*, 180 F.3d at 1098.  The Commissioner, not the reviewing

court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in

instances where the evidence supports either outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035

(9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence must be set aside if the

Commissioner did not apply the proper legal standards in weighing the evidence and making the

decision.  *Reddick*, 157 F.3d at 720.

## FACTS

The relevant facts, which are drawn from the administrative record and the ALJ's decision, are summarized here. Plaintiff was thirty-nine years old at the alleged disability onset date and forty-three years old at the time of her hearing. Plaintiff did not complete high school but has earned a General Equivalency Diploma. Plaintiff has past relevant work experience as a caregiver.

Plaintiff protectively filed her application for benefits on December 2, 2003, alleging disability beginning November 30, 2002. Plaintiff alleges disability stemming from physical and mental impairments including chronic neurologic right-arm pain, posttraumatic stress disorder (PTSD), anxiety, and depression. Plaintiff's application was denied initially and on reconsideration. The ALJ conducted a hearing on November 28, 2006, at which she heard testimony from plaintiff, who was unrepresented by counsel, and a VE.

On May 11, 2007, the ALJ issued a decision finding plaintiff not disabled as defined in the Social Security Act. The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Plaintiff subsequently initiated this action.

## SUMMARY OF ALJ'S FINDINGS

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged disability onset date. Tr. 15, Finding 2.[1]

At step two, the ALJ found that plaintiff had the following medically determinable severe impairment: chronic neurologic right-arm pain. Tr. 15, Finding 3.

---

[1] Tr. refers to the Transcript of the Administrative Record.

5- OPINION AND ORDER

At step three, the ALJ found that plaintiff does not have an impairment, or combination of impairments, that meets or equals the requirements of any listed impairment. Tr. 16, Finding 4.

The ALJ determined that plaintiff's RFC limits her to lifting and carrying only ten pounds and to only occasionally reach and pull with her right arm. Tr. 17, Finding 5. Additionally, the ALJ determined that plaintiff can do simple tasks, should only occasionally work with co-workers, and should have no contact with the general public. *Id.*

At step four, the ALJ found that plaintiff was incapable of performing her past relevant work. Tr. 19, Finding 6.

At step five, the ALJ, found that there are jobs that exist in significant numbers in the national economy that plaintiff could perform. Tr. 20, Finding 10.

## **DISCUSSION**

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits.

At the hearing, the ALJ advised plaintiff of her right to counsel and offered her the option of continuing the hearing at a later date with counsel present. Tr. 589-93. Plaintiff declined representation, apparently because she did not want to cause any further delay, stating: "I'm here and I [am] really desperate." Tr. 592.

"In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). This duty applies even when the claimant is represented by counsel. *Id.* When the claimant is not represented by counsel, "'it is incumbent upon the ALJ to scrupulously and conscientiously probe into, and inquire of, and explore for all relevant facts.'" *Higbee v.*

6- OPINION AND ORDER

*Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992) (quoting *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978)).  When this heavy burden is not met and "the claimant may have been prejudiced, 'the interests of justice demand that the case be remanded.'"  *Id*. (quoting *Vidal v. Harris*, 637 F.2d 710, 714-15 (9th Cir. 1981)).  Fulfilling the duty to develop the record may compel the ALJ to consult a medical expert or to order a consultative examination.  *See* 20 C.F.R. §§ 404.1519a and 416.919a; *Armstrong v. Comm.*, 160 F.3d 587, 590 (9th Cir. 1998).

In this case, the court finds that the ALJ failed to fully develop the record with respect to plaintiff's mental impairments.  The administrative record is replete with documentation demonstrating that plaintiff has significant mental impairments.  However, the ALJ ignored most of these records and concluded that "the record suggests that the claimant has no more than mild psychological restrictions."  Tr. 18.  The ALJ's discussion of plaintiff's mental impairments was cursory and primarily focused on only the most positive medical records pertaining to her mental impairments.

The ALJ focused on the relatively positive Global Assessment of Functioning (GAF) scores assigned to plaintiff.  The GAF scale is used to rate the psychological, social, and occupational functioning of a patient.  *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 598 n.1 (9th Cir. 1999).  In January 2003, plaintiff was admitted to a medical clinic for several days with a GAF of 45, indicating serious problems.  Tr. 144.  The ALJ's discussion of this episode ignored the admitting diagnoses and focused on plaintiff's discharge GAF, which suggested improvement despite continued evidence of plaintiff's PTSD, generalized anxiety disorder, and major depressive disorder.  Tr. 16, 144-45.

Additionally, the ALJ appeared to impute some of plaintiff's depression and anxiety to plaintiff's marijuana use.  Tr. 16.  However, the ALJ failed to refer to any medical source

7- OPINION AND ORDER

indicating that plaintiff's marijuana use is problematic. To the contrary, the record indicates that plaintiff was prescribed medical marijuana, and that it has helped alleviate her anxiety and other symptoms. Tr. 145, 183.

By and large, the ALJ glossed over or ignored those reports that indicate plaintiff may have a severe mental impairment. By so doing, the ALJ failed to fulfill her duty to conscientiously develop the record and justice demands that this court remand this case. *Higbee*, 975 F.2d at 561.

Accordingly, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Pursuant to this remand, the ALJ shall reexamine plaintiff's medical records to determine whether plaintiff has a severe mental impairment and, if so, whether this impairment would preclude the performance of SGA. The ALJ shall also reevaluate the record with respect to plaintiff's physical impairments, and thoroughly address the injuries to plaintiff's spine. Plaintiff shall have the opportunity to submit additional evidence regarding her alleged impairments. If necessary, the ALJ shall consult with a medical expert to determine the extent of plaintiff's mental and physical impairments.

Plaintiff described encountering some difficulty in obtaining counsel due to the advanced nature of this case. The court advises plaintiff that this remand will afford her adequate time to consult with counsel prior to her next hearing. Plaintiff should seek counsel and ensure that she understands the advantages of obtaining representation to assist her with her claims.

## CONCLUSION

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner must be REVERSED and REMANDED FOR

8- OPINION AND ORDER

FURTHER PROCEEDINGS consistent with this Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this  27  day of February, 2009.


                                    /s/ Ancer L. Haggerty
                                   Ancer L. Haggerty
                                United States District Judge

9- OPINION AND ORDER